HON. KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRICE WILKERSON, an individual; and MARCELA TASLIM, an individual,<br><br>Plaintiffs,<br>v.<br><br>MENARDS MOVING & STORAGE LLC, a Florida limited liability company; INSURMEDIX INC., a Delaware Corporation; PRIME HOLDINGS INSURANCE SERVICES, INC. dba PRIME INSURANCE COMPANY, an Illinois corporation; GUARDWIZE INSURANCE AGENCY INC., a Florida corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | NO. 2:25-cv-01789-KKE<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RESPONSE AND REQUEST FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2) WITHOUT PREJUDICE AND WITHOUT FEES AND COSTS** |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Prime Insurance Company ("Prime") moved for summary judgment on three (3) independent, dispositive grounds. Def.'s Mot., ECF No. 35. Plaintiffs Brice Wilkerson and Marcela Taslim ("Plaintiffs") let the response deadline pass without opposition. Only after Prime filed its reply did Plaintiffs surface; not to defend their claims, but to "stipulate to the simple relief requested in the motion for summary judgment" and to agree the case should be dismissed. Pl.'s



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

Resp., ECF No. 37, at 1-2. Prime does not disagree that the case should be dismissed. The parties disagree only about how.

Having declined to contest the merits, Plaintiffs now ask the Court to recharacterize their capitulation as a voluntary dismissal under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(2) ("Rule 41(a)(2)"), without prejudice and without any award of fees or costs. *Id.* at 3. That request should be denied. As a threshold matter, Plaintiffs' request is not properly before the Court, because affirmative relief must be sought by motion, not embedded in a response, and should be denied on that basis. In any event, Prime's fully briefed, unopposed motion for summary judgment is pending, and on the undisputed record it is meritorious. The Court should decide that motion and enter judgment for Prime, Defendant InsurMedix Brokers, Inc., and Defendant Guardwize Insurance Agency, Inc. (the "Insurance Defendants"), dismissing Plaintiffs' claims **with prejudice**. In the alternative, if the Court proceeds under Rule 41(a)(2), any dismissal should be **with prejudice**, and at a minimum should be conditioned on Plaintiffs' payment of the Insurance Defendants' reasonable fees and costs.

## II. RELEVANT BACKGROUND

On April 3, 2026, the Court vacated the earlier orders entering default against Defendants InsurMedix Brokers, Inc. ("InsurMedix") and Guardwize Insurance Agency, Inc. ("Guardwize"). ECF No. 32. The underlying procedural history of this case from the date Plaintiffs filed this lawsuit up to the Court's vacatur has already been briefed. *See* ECF Nos. 25-26 & 30-31. Prime hereby incorporates and adopts those facts as referenced herein. Other pertinent facts are set forth herein as necessary.

On April 8, 2026, five days after the Court's vacatur, Plaintiffs' counsel filed a motion to substitute their attorneys. ECF No. 33. Plaintiff Wilkerson and his law firm, North City Law, PC, agreed to substitute as counsel for Plaintiffs; he was joined by the firm's founder, Paul A. Barrera. *Id.* at 1-2. In the motion, Plaintiffs acknowledged that the case's discovery cutoff date was July 6,



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

2026. *Id.* The Court granted the motion on April 13. ECF No. 34.

In accordance with the parties' joint status report and discovery plan (*see* ECF No. 14 at 2-4, ## 2 & 4), the Court set August 3, 2026, as the deadline for all dispositive motions. *See* Sched. Order, dated 01/13/2026, ECF No. 17, at 2. Prime timely moved for summary judgment, seeking dismissal of Plaintiffs' claims against the Insurance Defendants. The motion advanced three (3) independent grounds: (1) Plaintiffs' unauthorized settlement releasing Swift Moving Services, LLC and their voluntary dismissal of Defendant Menards Moving & Storage LLC violated the subrogation and impairment condition of Plaintiffs' insurance policy issued by Prime (the "Policy"), rendering the Policy null and void and barring double recovery (*id.* at 13); (2) the Swift settlement severely impaired, if not extinguished, Prime's subrogation rights (*id.* at 16); and (3) Plaintiffs cannot prove coverage or the amount of their claimed loss, which exceeds the Policy's limit, and cannot show that any coverage determination under the Policy was unreasonable, frivolous, or unfounded (*id.* at 16-17.)

Plaintiffs did not file a dispositive motion. *See generally* Docket, *Wilkerson et al. v. InsurMedix Inc. et al.*, Case No. 2:25-cv-01789-KKE ("Docket"). Nor did Plaintiffs file an opposition to Prime's motion, or seek a continuance under Fed. R. Civ. P. 56 ("Rule 56"), by the August 24, 2026, response deadline. *Id.*; Def.'s Reply at 2. Prime replied on August 31, 2026, explaining that although a summary judgment motion may not be granted by default, Plaintiffs' silence permits the Court to treat Prime's supporting facts as undisputed under Rule 56(e)(2), and on that undisputed record each ground is independently sufficient. *Id.* at 2-4.

On September 14, 2026, Plaintiffs' counsel asked Prime to stipulate to a dismissal without prejudice and without fees or costs. Pl.'s Resp. at 2. Prime declined. *Id.* The next day, Plaintiffs filed the paper now before the Court, seeking a voluntary dismissal, without prejudice and without any award of fees or costs, be entered under Rule 41(a)(2). *Id.* at 1 & 3. Prior to September 14, 2026, Plaintiffs had not moved this action forward in any way since the filing of their motion to



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

substitute counsel on April 8.

## III. ARGUMENT

### A. Plaintiffs' Rule 41(a)(2) request is not properly before the Court.

As a threshold matter, Plaintiffs' request for dismissal is procedurally improper. Plaintiffs did not file a motion for voluntary dismissal. They embedded their request for a Rule 41(a)(2) order (dismissal without prejudice and without fees or costs) in an untimely response brief to Prime's summary judgment motion. *See* Docket, 09/15/2026 entry narrative for ECF No. 37: "RESPONSE by [Plaintiffs] to 35 MOTION …"; Pl.'s Resp. at 3. Under Fed. R. Civ. P. 7(b)(1), "[a] request for a court order must be made by motion," and this District enforces that requirement: "[r]equests for affirmative relief must be made in a motion, not in the response[.]" *Sanchez v. State*, 2026 WL 468602, at *5 (W.D. Wn. Feb. 19, 2026); *Meghinasso v. Mercedes-Benz USA*, 2022 WL 226078, at *1 (W.D. Wn. Jan. 26, 2022) ("[I]t is procedurally improper to include a request for affirmative relief in a response brief[.]")[1] A voluntary dismissal on specified terms is a definitive request for affirmative relief; it asks the Court to enter an order granting Plaintiffs the disposition they **prefer**, not merely to deny Prime's motion. The Court may decline to consider this request on that basis alone.

This is not a mere technicality. Presenting the request as a response deprived Prime of the ordinary motion sequence: a noticed motion and the opportunity to respond in the normal course. Indeed, Plaintiffs have instead sought to convert Prime's own timely dispositive motion into the vehicle for Plaintiffs' preferred affirmative relief. The Court should decline to consider Plaintiffs' embedded request and instead rule on Prime's properly noticed, fully briefed motion for summary

---

[1] Plaintiffs employed this same tactic to request leave to amend their Complaint in their response to InsurMedix's and Guardwize's motions to vacate. *See* ECF Nos. 27-28 & 30-32. Plaintiffs were unsuccessful. *See* ECF No. 32: "Defendants' reply briefs argue that Plaintiffs must file a separate motion for leave to amend the complaint to do anything other than correct a misnomer in the caption, rather than include this request in an opposition brief. … To the extent Plaintiffs seek leave to amend their complaint, they must file a motion that complies with Local Rules W.D. Wash. LCR 15."



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

judgment.

**B. The Court should decide Prime's pending, unopposed summary judgment motion and dismiss Plaintiffs' claims with prejudice.**

Even setting the procedural defect aside, Plaintiffs' Rule 41(a)(2) request is not filed in a vacuum. It arrives as a "response" to a summary judgment motion already fully briefed and before the Court. In that posture, the district court is not obligated to grant a voluntary dismissal; it may deny the request and proceed to the merits. District courts in this Circuit weigh four factors in a Rule 41(a)(2) request: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Lawrence v. Murphy*, 2016 WL 1697070, at *3 (W.D. Wn. Apr. 1, 2016).

On facts materially identical to this case, this Court applied those factors in *Lawrence* and denied the plaintiff's Rule 41(a)(2) request. The last two factors weighed "heavily against plaintiff" because "plaintiff offer[ed] no real explanation for his desire to dismiss the case at this juncture and defendant filed his summary judgment motion prior to plaintiff submitting his request for voluntary dismissal." *Id.* The court held that "the weight of these [last] two factors is sufficient to justify denying plaintiff's request to withdraw his complaint" and announced it would "therefore proceed to disposition of defendant's pending summary judgment motion." *Id.*

The same two factors are decisive here. Plaintiffs offer no explanation for abandoning their claims: no changed circumstances, no newly discovered facts, nothing beyond a decision not to oppose a dispositive motion they cannot answer. Prime's summary judgment motion was not merely filed before Plaintiffs' dismissal request; it was filed and fully briefed weeks before Plaintiffs surfaced. Prime moved on August 3 and replied on August 31; Plaintiffs' dismissal paper came on September 15. Pl.'s Resp. at 1; Def.'s Reply at 1-2.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

Furthermore, whereas in *Lawrence* the Court found that the "first two factors weigh slightly in plaintiff's favor as this case has been pending a relatively short period of time, no trial date has been set, and plaintiff has displayed no lack of diligence in prosecuting the action to this point" (2016 WL 1697070, at *3), the same cannot be said here. This case has been pending since June 2025, a trial date has been set, and Plaintiffs have shown a complete lack of diligence in prosecuting the action to this point. *See* ECF No. 26 at 3, ll. 5-9 (IFCA notice served in May 2025, lawsuit filed in June 2025) & ECF No. 17; *see generally* Docket.

Deciding the pending motion is what Plaintiffs themselves invited. They did not move to preserve any claim for another day. They "stipulate[d] to the simple relief requested in the motion for summary judgment" and agreed the case should be dismissed. Pl.'s Resp. at 1. The relief requested in that motion is summary judgment dismissing Plaintiffs' claims, a merits disposition with prejudice. *See* Def.'s Mot. at 17: "Prime requests this Court grant its motion for summary judgment and dismiss this action."; *see also* Fed. R. Civ. P. 56(a) (summary judgment is proper where the movant "is entitled to judgment as a matter of law"). Plaintiffs cannot stipulate to the relief Prime requested while simultaneously demanding the opposite disposition. The Court should take Plaintiffs at their word, grant the motion on the undisputed record, and enter judgment for the Insurance Defendants.

Plaintiffs' sole authority does not change this. They rely on *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000), for the proposition that losing "a quick, cheap, and unmerited victory" is not prejudice. Pl.'s Resp. at 2. But *Bateman* is a Rule 60(b)(1) "excusable neglect" case about reopening a judgment after counsel missed a filing deadline; it says nothing about a plaintiff's affirmative request to dismiss its own case under Rule 41(a)(2). *Id.* at 1223, 1225. Nor does its "unmerited victory" language fit: the victory there was one the movant might "ultimately have lost … on the merits," *id.*, whereas Prime established three independent, uncontroverted grounds for judgment. This is a merited disposition Plaintiffs have declined to contest, not an



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

"unmerited" windfall.

**C. In the alternative, any Rule 41(a)(2) dismissal should be with prejudice and conditioned on payment of the Insurance Defendants' fees and costs.**

If the Court proceeds under Rule 41(a)(2) rather than deciding the summary judgment motion, two points follow. First, dismissal should be with prejudice. Rule 41(a)(2) "grants a district court discretion to dismiss a case with or without prejudice," and "[t]hat broad grant of discretion does not contain a preference for one kind of dismissal or another." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) *quoting* Rule 41(a)(2) & *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002). A dismissal with prejudice on a plaintiff's own Rule 41(a)(2) motion is a permissible and unremarkable outcome; the Ninth Circuit has described such a disposition as a "complete victory" for the defendant and has held that dismissing a plaintiff's claims with prejudice "only strengthens" the conclusion that the dismissal "caused no legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). That reasoning applies with full force here, where Plaintiffs affirmatively agree the case should be dismissed and seek to preserve nothing. Pl.'s Resp. at 1. Because Plaintiffs assert no legal interest, claim, or argument they wish to carry into a future suit, a dismissal with prejudice deprives them of nothing to which they are entitled.

Second, any dismissal without prejudice should be conditioned on Plaintiffs' payment of the Insurance Defendants' reasonable fees and costs. Rule 41(a)(2) allows dismissal only "on terms that the court considers proper," and the Ninth Circuit has "repeatedly stated that a district court can award costs and attorney's fees as a condition of dismissal without prejudice." *Kamal*, 88 F.4th at 1286. Where the expense of defending a suit does not itself amount to legal prejudice, "[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The Ninth Circuit further noted that a defendant is entitled to fees for work that cannot be used in future litigation of the same claims. *Id.*, *citing Koch v. Hankins*, 8 F.3d 650,



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

652 (9th Cir. 1993). Here, the costs that "arose from the preparation of work product rendered useless by the dismissal of [plaintiffs'] federal action" are led by the fees and costs of preparing and fully briefing Prime's summary judgment motion, and further include those Prime incurred to remove this action from state court and to vacate the improperly entered defaults against InsurMedix and Guardwize.

The sequence here supports a fee condition rather than cutting against one. In *Westlands*, the court observed that a district court might delete fees attributable to a summary judgment motion filed **after** the plaintiff's dismissal motion, because a defendant who files summary judgment after a dismissal request "took a large risk that [its] work would be disregarded." *Id.* at 97-98. That concern is absent here. Prime moved for and fully briefed summary judgment before Plaintiffs ever requested dismissal. *See* Def.'s Mot. at 1; Def.'s Reply at 1; Pl.'s Resp. at 1. The Insurance Defendants incurred that expense defending a suit Plaintiffs chose not to prosecute, and should not bear it if Plaintiffs are permitted to refile.

## IV. CONCLUSION

The Insurance Defendants respectfully request that the Court decline to enter a dismissal without prejudice and without fees or costs. The Court should instead grant Prime's pending motion for summary judgment and dismiss Plaintiffs' claims with prejudice. Should the Court be moved by Plaintiffs' request, any dismissal under Rule 41(a)(2) should be with prejudice, and at a minimum conditioned on Plaintiffs' payment of the Insurance Defendants' reasonable attorneys' fees and costs.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

DATED this 22nd day of September, 2026.

*s/ Miranda D. Russell*
Miranda D. Russell, WSBA #57642
*s/ Eliot M. Harris*
Eliot M. Harris, WSBA #36590
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
eharris@williamskastner.com
mrussell@williamskastner.com

***Attorneys for Defendants Prime Insurance Company, InsurMedix Brokers, Inc. & Guardwize Insurance Agency, Inc.***

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 2,489 words, in compliance with the Local Civil Rules.

*s/ Miranda D. Russell*
Miranda D. Russell, WSBA #57642
mrussell@williamskastner.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all CM/ECF participants.

DATED this 22nd day of September, 2026.

*/s/ Miranda D. Russell*
Miranda D. Russell, WSBA #57642
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
mrussell@williamskastner.com

***Attorney for Defendants Prime Insurance Company, InsurMedix Brokers / InsurMedix, Inc. & Guardwize Insurance Agency, Inc.***