UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRICE WILKERSON, et al.,<br><br>Plaintiff(s),<br>v.<br><br>INSURMEDIX INC., et al.,<br><br>Defendant(s). | CASE NO. C25-1789-KKE<br><br>ORDER ON PLAINTIFFS' REQUEST FOR VOLUNTARY DISMISSAL |

Plaintiffs Brice Wilkerson and Marcela Taslim moved across the United States and some of their insured household goods were damaged in transit. Dkt. No. 1-1. Plaintiffs are unsatisfied with the settlement offer they received from their insurer, and filed this action in Snohomish County Superior Court against their transportation broker (Menards Moving & Storage LLC) along with entities[1] connected with Plaintiffs' moving insurance policy ("Insurance Defendants"), bringing claims against the Insurance Defendants for breach of contract, insurance bad faith, and unfair business practices. *Id*. Plaintiffs voluntarily dismissed their claims against Menards in July 2025. Dkt. No. 9-9.

[1] Plaintiffs purchased a moving insurance policy through an insurance broker, Defendant InsurMedix Inc., and the policy was issued by Defendant Prime Holdings Insurance Services Inc. ("Prime"). InsurMedix's claims-handling agent Guardwize Insurance Agency Inc. is also a Defendant. Plaintiffs' complaint alleges that InsurMedix, Prime, and Guardwize acted in concert with respect to the policy and are indistinguishable from each other for purposes of this action. *See, e.g.*, Dkt. No. 1-1 ¶ 16.

In September 2025, Prime, one of the Insurance Defendants, removed the action to this court and subsequently filed a motion for summary judgment. Dkt. Nos. 1, 35. Plaintiffs did not oppose that motion, but weeks after it became ripe, invoked Federal Rule of Civil Procedure 41(a)(2) to request voluntary dismissal of their claims without prejudice and without an award of fees or costs to any party. Dkt. No. 37. The Insurance Defendants responded, requesting that the Court either grant the unopposed motion for summary judgment, or dismiss the claims with prejudice and with an award of fees or costs to the Insurance Defendants. Dkt. No. 38.

Under Rule 41(a)(2), after an opposing party has filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Voluntary dismissals are generally without prejudice. Rule 41(a)(2). The voluntary dismissal is effective upon entry of a court order and compliance with the court's conditions, which "grants to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous." *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986).

Here, the two conditions requested by the Insurance Defendants are a dismissal with prejudice and an award of fees and costs. But where claims are voluntarily dismissed with prejudice, "attorney's fees have almost never been awarded[,]" except where, unlike here, "there is independent statutory authority for such an award." *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985); *see also Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (explaining that "[f]ees are not awarded when a plaintiff obtains a dismissal *with prejudice*" because the defendant cannot be forced to defend again, whereas with a dismissal without prejudice "the defendant may have to defend again at a later time and incur duplicative legal expenses"). But with respect to a voluntary dismissal without prejudice, "a defendant is entitled only to recover … attorneys fees or costs for

work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

The Court must first decide whether to accept Plaintiffs' request for a voluntary dismissal without prejudice, before considering whether conditions are appropriate. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.*

The Insurance Defendants have not shown that any prejudice will result if Plaintiffs are permitted to voluntarily dismiss their claims without prejudice. They generally complain of Plaintiffs' lack of diligence and explanation, which does not equate to plain legal prejudice, but does persuade the Court that conditioning such a dismissal on an award of fees and costs is appropriate. The Insurance Defendants have incurred expenses in defending claims that Plaintiffs have failed to pursue, for unknown reasons. Plaintiffs did not express interest in dismissing their claims until after Prime's summary judgment motion was ripe, and did not explain what circumstances led to this delay. The Insurance Defendants' fees and costs related to the summary judgment briefing, vacating defaults against InsurMedix and Guardwize, and removing this action to federal court would not be useful in any future litigation.

Thus, the Court will permit Plaintiffs to voluntarily dismiss their claims without prejudice, but dismissal will be conditioned on reimbursing the Insurance Defendants for their reasonable fees and costs that will not be useful in future litigation. Plaintiffs may withdraw their request for

dismissal no later than October 26, 2026, which would result in the Court considering the ripe summary judgment motion. If no such notice is received, the Court will thereafter direct the Insurance Defendants to file a fee petition and set a deadline for payment and for the filing of a stipulated motion to dismiss after payment has been received.

Dated this 19th day of October, 2026.

Kymberly K. Evanson
United States District Judge